24-5137

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FRANCISCO ROLDAN III, ET AL.,

*Plaintiffs & Appellants*,

*v.*

BANK OF AMERICA, N.A.,

*Defendant & Appellee.*

On Appeal from the
U.S. District Court for the Central District of California
2:24-cv-00136-SPG-PD
Sherilyn Peace Garnett, District Judge

**Appellants' Reply Brief**

Benjamin I. Siminou (CA 254815)     Andrew D. Bluth (CA 232387)
Jonna D. Lothyan (CA 298650)*       Christopher R. Rodriguez (CA 212274)
SINGLETON SCHREIBER, LLP            SINGLETON SCHREIBER, LLP
591 Camino De La Reina, Ste. 1025   1414 K Street, Ste. 470
San Diego, CA 92108                 Sacramento, CA 95814
(619) 810-9430*                     (916) 248-8478
*bsiminou@singletonschreiber.com*   *abluth@singletonschreiber.com*
*sweinman@singletonschreiber.com*   *crodriguez@singletonschreiber.com*

*Counsel for Plaintiffs & Appellants*
FRANCISCO ROLDAN III, ET AL.

(*Additional counsel listed on next page*)

*Plaintiffs & Appellants' counsel continued:*

Thomas Anthony Leary (CA 123792)
LAW OFFICES OF THOMAS LEARY, APC
3023 First Avenue
San Diego, CA 92103
(619) 291-1900
*tleary@learylaw.com*

# TABLE OF CONTENTS

Table of Authorities...............................................................ii

Introduction........................................................................1

Argument ...........................................................................3

1.    The district court lacked jurisdiction to adjudicate
the case on the merits because Appellants
lacked Article III standing. ...................................................3

    1.1.   The First Amendment does not apply. .........................8

    1.2.   Appellants' UCL claim does not confer
Article III standing. ...................................................11

2.    The proper remedy is remand................................................18

Conclusion ..........................................................................26

Certificate of Compliance for Briefs.............................................27

TABLE OF AUTHORITIES

## Cases

*Anderson v. United Parcel Serv. of Am., Inc.*
    734 F. Supp. 3d 1019 ................................................................ 5, 21

*Anderson v. United Parcel Serv. of Am., Inc.*
    2024 WL 4492042 (2024) ................................................................ 6

*Arterberry v. Peet's Coffee, Inc.*
    2024 WL 5046266 (Cal. Super. Ct. Dec. 5, 2024) ........................... 23

*ASARCO Inc. v. Kadish*
    490 U.S. 605 (1989) ......................................................................... 19

*Bell v. City of Kellogg*
    922 F.2d 1418 (9th Cir. 1991) .................................................... 19, 20

*Chandler v. State Farm Mut. Auto. Ins.*
    598 F.3d 1115 (9th Cir. 2010) ......................................................... 3

*Chapman v. Pier 1 Imports (U.S.) Inc.*
    631 F.3d 939 (9th Cir. 2011) ........................................................... 3

*Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*
    30 F.4th 905 (9th Cir. 2020) ........................................................... 20

*Haas Bros. v. McLaughlin*
    39 F.2d 381 (9th Cir. 1930) ........................................................... 14

*Int'l Primate Prot. League v. Admin. of Tulane Educ. Fund*
    500 U.S. 72 (1991) .................................................................... 19, 20

*Lopez v. Candaele*
    630 F.3d 775 (9th Cir. 2010) .................................................... 3, 9, 10

ii

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ........................................................... 3

*Maldonado v. BPS Direct LLC*
2024 WL 4868646 (2024) ............................................. 12, 13

*Manhattan Cmty. Access Corp. v. Halleck*
587 U.S. 802 (2019) ........................................................... 8

*Masry v. Lowe's Co.*
2024 WL 4730423 (N.D. Cal. Nov. 7, 2024) ...................... 6

*Morris v. JPMorgan Chase Bank, N.A.*
293 Cal. Rptr. 3d 417 (Cal. 2022) ................................... 25

*Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*
261 Cal. Rptr. 3d 713 (Cal. 2020) ..................................... 5

*New Hampshire v. Maine*
532 U.S. 742 (2001) ......................................................... 15

*O'Donnell et al. v. Crocs Retail, LLC*
2024 WL 3834704 (C.D. Cal. Aug. 15, 2024) ..................... 6

*Olympus Spa v. Armstrong*
675 F. Supp. 3d 1168 (9th Cir. 2023) ............................... 8

*Perez v. Discovery Bank*
74 F.4th 1003 (9th Cir. 2023) ............................... 14, 15, 18

*Planned Parenthood of Idaho, Inc. v. Wasden*
376 F.3d 908 (9th Cir. 2004) ............................................ 8

*Polo v. Innovations*
833 F.3d 1193 (9th Cir. 2016) ................................. *passim*

*Prager Univ. v. Google LLC*
951 F.3d 991 (9th Cir. 2020) ............................................ 8

*Pulbrook v. Nationwide Mut. Ins. Co.*
  2024 24-cv-00469 (N.D. Cal. 2024) ....................................................7

*Ramirez v. C and J Well Serv., Inc., (SS)*
  2020 WL 5846464 (C.D. Cal. Mar. 27, 2020) ...................................13

*Ramos v. Amazon.com, Inc.*
  No. 2:24-CV-00.........................................................................7

*Scott v. Ulta Beauty Inc.*
  2025 WL 656585 (Cal. Super. Ct. Feb. 14, 2025)............................23

*Shabhaz v. Arista Networks, Inc.*
  2024 WL 4368253 (E.D. Cal. Oct. 1, 2024) ......................................6

*Shofet v. Zillow*
  2024 WL 5275512 (C.D. Cal. Oct. 3, 2024) ...................................5, 6

*Spokeo, Inc. v. Robins*
  578 U.S. 330 (2016) ............................................................4

*Stevens v. Superior Ct.*
  75 Cal. App. 4th 594 (Cal. Ct. App. 1999)......................................25

*Thomas v. Regents of Univ. of Cal.*
  315 Cal.Rptr.3d 623...........................................................25

*TransUnion LLC v. Ramirez*
  594 U.S. 413 (2021) ............................................................4

*United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*
  555 F.3d 772 (9th Cir. 2009)......................................................16, 17

*United States v. Hays*
  515 U.S. 737 (1995) ............................................................3

## State Constitutional Provisions

California Article III ........................................................ *passim*

## Statutes

28 U.S.C.
   § 1447 .................................................................... 18, 20

Cal. Civ. Code
   § 1670.8 .................................................................. *passim*

## INTRODUCTION

Appellants are California consumers who brought this class-action for civil penalties against Appellee for violating California Civil Code section 1670.8.

Section 1670.8 protects consumers' right to voice their opinions and experiences about products and services delivered or offered to them.

Appellee Bank of America violated the statute by requiring customers to agree to contract terms that waive their right to make public statements about the business.

Appellants sued Appellee for violating the statute in state court. Appellee removed the case from state court despite lack of Article III standing.

Article III standing is not required to bring a lawsuit for violating the statute as simply including a violating clause in a contract constitutes a violation providing for civil penalties. As such, Appellants do not allege actual or imminent injury to meet Article III standing.

Appellees arguments to the contrary fail.

1

First, Appellees' attempt to apply the First Amendment fails because it is not a state actor with enforcement rights, so Appellants do not have standing to seek damages for First Amendment right violations.

Second, Appellants claim under the unfair competition law does not allege actual injury as it is derivative of its statutory violation claim.

Third, Appellees argument is barred by judicial estoppel because it is directly contrary to its motion to dismiss, which the district court relied upon in its order dismissing the case.

The district court therefore lacked subject-matter jurisdiction over the case and should not have adjudicated the case. Appellants request this Court exercise its limited jurisdiction to remand the case to state court.

# ARGUMENT

## 1. The district court lacked jurisdiction to adjudicate the case on the merits because Appellants lacked Article III standing.

Federal courts cannot adjudicate a case without subject matter jurisdiction over it. *Polo v. Innovations Int'l. Inc.*, 833 F.3d 1193, 1196 (9th Cir. 2016). Subject matter jurisdiction cannot be waived and may be raised at any time. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citing *United States v. Hays*, 515 U.S. 737, 742 (1995)). Federal courts lack subject matter jurisdiction unless the plaintiff has Article III standing. *Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1121 (9th Cir. 2010).

To establish Article III standing, a plaintiff must show an injury in fact that is concrete, particularized, and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (citing *Lujan*, 504 U.S. at 560–61).

The Supreme Court has made clear that where a plaintiff seeks civil penalties for violation of statute without alleging actual damages, the plaintiff has not alleged a concrete, particularly, or actual injury sufficient to confer jurisdiction on a federal court under Article III. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021) (holding that, absent proof of actual harm from the violations, plaintiffs do not have Article III standing to sue for violation of credit-reporting statute that provided "for statutory damages not less than $100 and not more than $1,000"); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (holding a plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right"); *id*. ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Here, Appellants have not alleged actual injuries that would confer Article III standing because Appellants' action is based on statutory violations.

4

Section 1670.8 is a consumer protection statute that makes it unlawful for a business to threaten to or to seek to enforce a non–disparagement provision in a sale or lease. (Cal. Civ. Code § 1670.8.) Section 1670.8 imposes civil penalties for violations.

Civil penalties in consumer-protection laws serve a preventive role, aiming to secure compliance with consumer protection laws rather than focusing on compensatory damages. *Nationwide Biweekly Admin., Inc., v. Superior Ct. of Alameda Cnty.*, 261 Cal.Rptr.3d 713, 741–42, 745 (Cal. 2020).

Section 1670.8 does not require Appellants to allege an actual threat or penalty to sufficiently state a claim. An individual or entity can violate section 1670.8 simply by including a non-disparagement clause in a contract or proposed contract for the sale or lease of consumer goods or services. *Anderson v. United Parcel Serv. of Am., Inc.*, 734 F. Supp. 3d 1012, 1019 (C.D. Cal. 2024) (citing Cal. Civ. Code § 1670.8(a)(1)); *Shofet v. Zillow*, 2:24-cv-00092-SVW-BFM,

2024 WL 5275512, at * 6 (C.D. Cal. Oct. 3, 2024) ("As is plain from the statute's language, one can violate the Section 1670.8(a)(1) simply by including certain terms of use in a contract.").

Thus, while contractual terms that violate section 1670.8, but which do not result in actual harm are sufficient to trigger statutory penalties, they would be insufficient to establish concrete harm required for Article III standing. Consistent with that conclusion, several district courts considering section 1670.8 cases have recognized they lacked subject-matter jurisdiction over cases like this, and remanded the actions to state court. See, e.g., *Masry v. Lowe's Co.*, No. 24-cv-00750-CRB, 2024 WL 4730423 (N.D. Cal. Nov. 7, 2024); *Anderson v. United Parcel Serv. of Am., Inc.*, No. 24-cv-00096, 2024 WL 4492042, at *7, (C.D. Cal. Oct. 15, 2024); *Shofet v. Zillow*, 2024 WL 5275512, * 6; *Shabhaz v. Arista Networks, Inc.*, No. 24-cv-00431, 2024 WL 4368253, at *6 (E.D. Cal. Oct. 1, 2024); *O'Donnell et al. v. Crocs Retail, LLC*, No. 24-cv-2726, 2024 WL 3834704 (C.D.

6

Cal. Aug. 15, 2024); and (ER-12–19 citing *Pulbrook v.*

*Nationwide Mut. Ins. Co.*, 24-cv-00469 (N.D. Cal. May 22,

2024)).

Appellee's reliance on *Ramos v. Amazon.com, Inc*., No.

2:24-CV-00089-HDV-E, 2024 WL 4882638, at *3 (C.D. Cal.

Nov. 25, 2024) is misplaced. There, the court found Plaintiffs

met Article III standing because the plaintiffs alleged

threats of enforcement were made. In contrast here,

Appellants made no such allegations. (ER-23-24, 27).

Accordingly, because Appellants have only alleged that

Appellee presented them with contractual terms violation

section 1670.8, but without any allegations of actual injuries,

Appellants have not alleged anything that would qualify for

Article III standing.

Appellee's counterarguments do not disturb that

conclusion.

### 1.1. The First Amendment does not apply.

Appellee contends that violations of First Amendment rights to free speech confer standing under Article III even without injury in fact. (Answ. Br., pp. 8, 13.)

But the First Amendment does not apply because Appellants do not seek relief under the First Amendment and Appellees are not state actors. *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020). "The Free Speech Clause of the First Amendment prohibits the government—not a private party—from abridging speech." *Id*. (citing *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019). A plaintiff's injury must be fairly traceable to the challenged action of a defendant with the actual power to enforce allegedly unconstitutional laws to meet Article III standing. *Olympus Spa v. Armstrong*, 675 F. Supp. 3d 1168, 1189–90 (9th Cir. 2023); *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919–20 (9th Cir. 2004) (stating that state officials are entrusted with the enforcement of state criminal laws and have the actual power to enforce allegedly

8

unconstitutional laws is sufficient to demonstrate "the requisite causal connection … for standing purposes").

Appellee, a private bank, is not a state actor with enforcement or prosecution rights. Accordingly, its contractual terms do not present a First Amendment violation.

Moreover, even if the First Amendment did apply, Appellees' argument still fails.

To meet an injury in fact for Article III standing in cases implicating freedom of speech, the plaintiff must "demonstrat[e] a realistic danger of sustaining a direct injury" from the challenged conduct. *Lopez*, 630 F.3d at 785 (citation omitted). This Court described three factors that determine whether a pre-enforcement plaintiff meets that test.

First, the court considers a defendant's past conduct or efforts to enforce a speech restriction. "But 'general threat[s] by officials to enforce those laws which they are charged to

9

administer' do not create the necessary injury in fact." *Lopez* at 786–87 (citation omitted).

Second, a plaintiff must establish with some degree of concrete detail, that they intend to violate the challenged law. *Lopez*, 630 F.3d at 787. This requires a plaintiff to allege "when, to whom, where, or under what circumstances" he or she will actually give a speech that would violate the policy. *Id.* at 791 (citation omitted).

Third, plaintiffs' claims of future harm must show the challenged speech restriction by its terms is applicable to the plaintiffs, or the enforcing authority has not disavowed the applicability of the challenged law to the plaintiffs. *Id.* at 788.

Appellants' complaint does not establish Article III standing because Appellants do not allege details of Defendants' prior enforcement of the policy, nor have Appellants alleged concrete details that they intend to violate the non-disparagement clause.

10

### 1.2. Appellants' UCL claim does not confer Article III standing.

Appellees argue Appellants have standing because their complaint includes a UCL claim in which they purportedly allege actual injuries in the form of allegedly improper fees the Appellees imposed on Appellants, and seek disgorgement.

This argument fails for several reasons.

*First*, appellants' inclusion of a UCL claim does not confer Article III jurisdiction because the UCL also provides civil penalties and serves the same purpose as section 1670.8 — to secure compliance with consumer protection laws.

The California Supreme Court's decision in *Nationwide Biweekly Administrative, Inc., v. Superior Court of Alameda County*, Cal.Rptr.3d 713, is instructive. There, the Supreme Court analyzed an action for violation of the UCL and false advertising law ("FAL"), both which provide civil penalties. Civil penalties under these statutes are akin to section 1670.8 and oriented toward promoting public policy

11

objectives and securing obedience to California consumer statutes.

The court held that "the civil penalties that may be awarded under the UCL and FAL, unlike the classic legal remedy of damages, are non-compensatory in nature; they require no showing of actual harm to consumers and are not based on the amount of losses incurred by the targets of unfair practices or misleading advertising." *Id*. at 745. The court further notes that "although civil penalties under the UCL and FAL 'may have a punitive deterrent aspect, their primary purpose is to secure obedience to statutes and regulations imposed to assure important public policy objectives … The focus of [both] statutory scheme[s] is preventative.'" *Id*. (citation and emphasis omitted).

*Second*, Appellants' UCL claim is derivative of their section 1670.8 claim. Specifically, Appellants allege that Appellees violated the UCL by violating section 1670.8.

As the court reasoned in *Maldonado v. BPS Direct LLC*, under the "unlawful" prong of the UCL, "section 17200

12

borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." No. 2:24-CV-00098-MRA-MAR, 2024 WL 4868646, at *3 (C.D. Cal. Aug. 9, 2024) (quoting *Ramirez v. C and J Well Serv., Inc.*, No. CV 20-535 PSG (SS), 2020 WL 5846464, at *7 (C.D. Cal. Mar. 27, 2020)). Therefore, the *Maldonado* court reasoned that, if plaintiffs lack Article III lack standing to bring a section 1670.8 claim in federal court, they similarly lack standing to bring a UCL claim predicated on a violation of section 1670.8 in federal court. *Maldonado*, 2024 WL 4868646, at *3.

Finally, even if a UCL claim might constitute injury in fact if Plaintiffs were seeking restitution/disgorgement, Plaintiffs are not seeking—and hereby disavow any intent to seek—restitution or disgorgement in this lawsuit.

*Third*, Appellees are estopped from asserting that Appellants have Article III standing to pursue their UCL claim.

For one, Appellees argued otherwise in their own brief. Several pages after suggesting that Appellants have Article III standing due to their UCL claim, Appellees argue that Appellants lack Article III standing to pursue their UCL claim. (Answ. Br., p. 22.) It is well settled that a party "may not 'blow hot and cold['] at the same time." *Haas Bros. v. McLaughlin*, 39 F.2d 381, 381 (9th Cir. 1930) (citation omitted).

For another, Appellees argument that Appellants have Article III standing in light of their UCL claim is directly contrary to Appellees' position taken in its motion to dismiss, which the district court relied upon in dismissing the case. Accordingly, that argument is barred under the doctrine of judicial estoppel.

Judicial estoppel "'protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment' and prevents 'the perception that either the first or the second court was misled.'" *Perez v. Discovery Bank*, 74 F.4th 1003,

14

1008 (9th Cir. 2023) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001)).A party is estopped from making an argument when [1] its current position is "clearly inconsistent" with its previous position; [2] "the party has succeeded in persuading a court to accept that party's earlier position"; and [3] the party, if not estopped, "would derive an unfair advantage or impose an unfair detriment on the opposing party." *Perez*, 74 F.4th at 1008 (citations omitted).

All three elements are met here.

The first element applies because Appellees' position on appeal is clearly inconsistent with its position in its motion to dismiss.

Appellees moved to dismiss the case arguing [1] section 1670.8 does not apply because the provision applied to a free service offered by Appellee and [2] Appellants lacked standing to assert a UCL claim because "[t]he Complaint does not plausibly allege that Plaintiffs lost any money or property as a result of the OBSA." (Doc. No. 24-1, p. 15).

15

Appellees further stated in their motion to dismiss that Appellants "are not entitled to restitutionary or disgorgement under the UCL because they have suffered no loss of property or money." (Doc. No. 24-1, p. 17.)

Now, in its answering brief on appeal, Appellee argues Appellants *do* have standing to confer federal jurisdiction based on its allegations of damages, restitution, disgorgement, and UCL claim. (Answ. Br., pp. 8–10). Appellee argues Appellants allege "at least two actual injuries: first, an injury based on impermissible fees that the Bank charged Appellants; and second, an injury based on the Bank's unjust enrichment at Appellants' expense." (Answ. Br., p. 9 (emphasis omitted)).

Because this argument is directly contrary to Appellees' prior argument in its motion to dismiss, the first element of judicial estoppel is satisfied.

The second element applies because Appellees successfully persuaded the district court to "accept[ ] and rel[y] upon" their position "when making its ruling." *United*

16

*Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009).

In granting the motion to dismiss, the district court found Appellants failed to allege section 1670.8 applied because Appellants allegations did not include factual allegations demonstrating how the contract with the violating provision covered specific purchases between Appellants and Appellee. ER-. The court also found Appellants UCL claim to be wholly derivative of their section 1670.8 claim. *Id.*

Thus, the second element of judicial estoppel is met because Appellees sought and received dismissal on the basis that Appellants did not adequately plead economic injury caused by Appellee. (Doc No. 24-1, pp. 14–17).

The third and final element of judicial estoppel is met because Appellees' contradictory positions create the "possibility of [a party] prevailing on the very position it successfully discredited[.]" *Spectrum Worldwide, Inc.*, 555 F.3d at 779–80.

17

Appellees will obtain an unfair advantage if this Court accepts its argument that Appellants allegations are sufficient to meet Article III standing, but not sufficient to state a claim.

Accordingly, all three elements of judicial estoppel are met, and Appellees should therefore be estopped from taking a contrary position here to argue Appellants have Article III standing. *Perez*, 74 F.4th 1003.

## 2. The proper remedy is remand.

Where a "district court lacks subject matter jurisdiction," it "*must* remand the case to state court[.]" *Polo*, 833 F.3d at 1196. This is because "failure of federal subject-matter jurisdiction means . . . federal courts have no power to adjudicate the matter. *Id*. Indeed, remand is the only proper remedy under these circumstances, since such a case "was not properly removed" in the first instance. *Id*. at 1197. Consequently, remand is required, not discretionary, "'at any time before final judgment[.]" *Id*. (quoting 28 U.S.C. § 1447(c)).

18

Dismissal is not a permissible alternative remedy. *See Polo*, 833 F.3d at 1197. That is because "a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter[;]" state courts retain jurisdiction as they are "not bound by the constraints of Article III." *Id.* at 1196 (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

As anticipated, relying on *Bell v. City of Kellogg,* 922 F.2d 1418 (9th Cir. 1991), Appellees argue that remand would be futile because Appellants causes of action require them to plead injuries sufficient to establish Article III standing and Appellants cannot state necessary elements of their claims. (Answ. Br., p. 20.)

These arguments fail.

As stated in the opening brief, the Supreme Court questioned whether this Court's application of a futility exception in *Bell* is proper. *Int'l Primate Prot. League v. Admin. of Tulane Educ. Fund*, 500 U.S. 72, 88–89 (1991).

19

In *International Primate*, the Court did not reach whether there is a futility exception to the remand rule under section 1447 because it determined that uncertainties "preclude[d] a finding that a remand would be futile." *Id*. at 89. But the Court suggested that no exceptions exist based on the plain statutory text since "[t]he statute declares that, where subject matter jurisdiction is lacking, the removed case 'shall be remanded.'" *Id*. (quoting 28 U.S.C. § 1447(c)). Thus, the plain language of section 1447 and the Supreme Court supports the proposition that there is no futility exception under § 1447(c).

Even if this Court decides to apply a futility exception, there must be "absolute certainty" that a state court would "simply dismiss[ ] the action on remand." *Bell*, 922 F.2d at 1425; *see also Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2020) (determining "absolute certainty" standard met only because plaintiff's failure to exhaust administrative remedies would compel dismissal of action in state court and any ensuing

20

action would be required to be brought in federal court). This is an exacting standard: it requires that "the eventual outcome [of dismissal by the state court] is so clear as to be foreordained[.]" *Polo*, 833 F.3d at 1198. Absent satisfaction of that exacting standard, remand is required. See *id*.

Here, contrary to Appellee's argument, dismissal by the state court is not "foreordained."

First, the absence of Article III standing does not mean Plaintiffs claims will fail to state a claim under California law. *See Polo*, 833 F.3d at 1198 (CLRA case remanded for lack of standing, but court acknowledged "[o]nce a person has been the victim of a proscribed practice under the CLRA and makes a demand on behalf of a class, remedying the plaintiff's individual complaint does not disqualify her as class representative."); *see also Anderson v. United Parcel Serv. of Am., Inc.*, 734 F. Supp. 3d at 1019  (citing Cal. Civ. Code § 1670.8(a)(1)).

Second, Appellants' UCL claim is not necessary to proceed against Appellees for violation of section 1670.8.

21

Appellees argue that because Appellants have failed to plead facts sufficient to allege Article III standing to pursue their UCL claim, remand would be futile. (Answ. Br., p. 22.) But as indicated earlier, that argument is contrary to Appellees' argument earlier in its brief where it contended that Appellants would meet the requirements to state a UCL claim. Regardless, even if the court dismissed Appellants' UCL claim on remand, this does not preclude Appellants from pursuing their 1670.8 violation claim independently.

Third, Appellees cannot establish with absolute certainty that Appellants cannot proceed with their claim for violation of section 1670.8 in state court.

Appellees argue Appellees are required to, but failed to allege, Appellee sought to enforce or threatened enforcement against them. (Answ. Br., p. 23.)

But again, this argument is directly contrary to Appellees' argument made in its answering brief, in which Appellees contend that Appellants have Article III standing

because "the Amended Complaint alleges a credible threat of prosecution." (Answ. Br., pp. 14–15.)

Appellee's argument also fails because state and federal courts have found that a plaintiff has a claim under section 1670.8 against any individual or entity that includes a non-disparagement clause in a contract or proposed contract for the sale or lease of consumer goods or services. *Anderson v. United Parcel Service of America, Inc.*, 734 F.Supp. 3d at 1019 (citing Cal. Civ. Code § 1670.8(a)(1); (*see* Appellants Motion for Judicial Notice, RJN-004–13).

In light of those rulings, Appellees' reference to two California state court orders finding "no private right of action" under section 1670.8 "for the mere inclusion of a violative provision in a contract" absent threat of enforcement, *see* Answ. Br., pp. 16–17 (citing *Arterberry v. Peet's Coffee, Inc.,* No. 23STCV31145, 2024 WL 5046266, at *2 (Cal. Super. Ct. Dec. 5, 2024); *Scott v. Ulta Beauty Inc.*, No. 23STCV28662, 2025 WL 656585, at *2 (Cal. Super. Ct.

23

Feb. 14, 2025)), does not guarantee that this case will meet the same fate on remand.

Indeed, counsel for Appellants also represent the plaintiffs in *Arterberry* and *Scott*, and have appealed those rulings on the grounds that the court that decided those cases incorrectly interpreted section 1670.8 when it dismissed those cases. *Arterberry v. Peets Coffee, Inc.*, Cal. Ct. App. No. B344295; *Scott v. Ulta Beauty*, Inc., Cal. Ct. App. No. B345741.

Appellees also argue Appellants cannot establish a section 1670.8 claim because Appellants failed to allege the contract or proposed contract was for the sale or lease of consumer goods or services. (Answ. Br., p. 24.)

Not true. Appellants allege they "accessed, and/or used, and/or purchased" goods or services from Defendants through their mobile applications and the Bank's websites. (ER-31.) Appellants also allege Appellees require their customers to enter into a contract that contains a violating

provision for the privilege of accessing, using, and/or purchasing the goods and/or services offered. (ER-31.)

California courts follow a liberal pleading standard. *Thomas v. Regents of Univ. of Cal.*, 315 Cal.Rptr.3d 623, 637 (Cal. 2023). Thus federal courts "should be cognizant that federal district judges have more latitude to dismiss claims at the pleading stage ... than California trial judges have under [California's] traditional notice pleading standards." *Thomas*, 315 Cal.Rptr.3d at 648 n. 12 (citing *Morris v. JPMorgan Chase Bank, N.A.*, 293 Cal.Rptr.3d 417, 446 n. 14 (Cal. 2022)).

These allegations would be sufficient to plead a cause of action in state court. Facts outside the pleadings cannot be considered on demurrer in state court. Cal. Civ. Code Proc. §§430.30, 430.70; *Stevens v. Superior Ct.*, 75 Cal.App.4th 594, 601 (Cal. 1999).

Thus, whether or not Appellee applied its non-disparagement clause to only free services, or services that imposed a fee, or purchases is outside the pleadings and a question of fact subject to discovery.

Consequently, remand would not be futile.

This Court should therefore order Appellants' case remanded to state court.

## CONCLUSION

For the foregoing reasons, this Court should hold the district court lacked subject-matter jurisdiction to dismiss this case and enter an order remanding the case to state court.

May 14, 2025        Respectfully submitted,
*s/ Jonna D. Lothyan*
Benjamin I. Siminou
Jonna D. Lothyan
SINGLETON SCHREIBER, LLP

26

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 24-5137

I am the attorney or self-represented party.

**This brief contains** 4,597 **words,** including [ ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [ ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Jonna D. Lothyan **Date** 5/14/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*